UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON MICHAEL ZIEGLER,

        Petitioner,                      Case No. 1:08-cv-993

v.                                           Honorable Paul L. Maloney

BLAINE C. LAFLER,

        Respondent.
_____/

## ORDER TO STAY

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner sent a letter to the Court on or about February 26, 2012 (docket #46), which the Court construes as a motion for a stay of the proceedings while Petitioner exhausts a new claim of ineffective assistance of appellate counsel in the state courts. In accordance with *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), the Court finds that Petitioner has shown good cause for his failure to exhaust, that his claim is not plainly meritless and that there is no indication that Petitioner engaged in intentionally dilatory litigation tactics. Accordingly, the Court will grant Petitioner's motion for a stay of the proceedings.

Petitioner should be aware that he faces a hurdle with regard to adding a new claim to his habeas petition. In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court held that, although claims otherwise barred by AEDPA's limitations period may be added to a habeas petition under Federal Rule of Civil Procedure 15 if they "relate back" to the "conduct, transaction, or occurrence" in the original petition, "[a]n amended habeas petition . . . does not relate back (and

thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. It is not sufficient that the newly asserted claims "relate to the same trial, conviction, or sentence as a timely filed claim . . .". *Id.* at 662. Because the statute of limitations expired before Petitioner sought to add his new claim, it must "relate back" to the original petition.[1] At this stage of the proceedings, the Court lacks sufficient information concerning Petitioner's new claim of ineffective assistance of appellate counsel to determine whether it relates back to the original petition within the meaning of *Mayle*.

Upon entry of this Order, Petitioner will have thirty days to file a motion for relief from judgment in the Ingham County Circuit Court. He will have an additional thirty days after the Michigan Supreme Court issues its decision to file an amended habeas petition in this Court presenting his newly exhausted claim. The Court will determine at that time whether Petitioner's new claim relates back to the original petition. Only if the new claim relates back will be considered by the Court for habeas corpus review along with the seven claims set forth in his original petition. Therefore:

IT IS ORDERED that Petitioner's motion for a stay of the proceedings pending exhaustion of new claim in the state courts (docket #46) is GRANTED.

IT IS FURTHER ORDERED that Petitioner is required to file a motion for relief from judgment within 30 days of this Order.

IT IS FURTHER ORDERED that this action is stayed until Petitioner files a motion

---

[1] The one-year statute of limitations expired on October 29, 2008, shortly after the petition was filed. *See* 28 U.S.C. § 2244(d)(1). The filing of a federal habeas corpus petition does not toll the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes).

to amend his petition to include his newly exhausted claims. Such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of decision at each step of state-court review.

      IT IS FURTHER ORDERED that if Petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition.

      IT IS FURTHER ORDERED that Petitioner shall advise the Court of any change of address occurring during the pendency of the stay.

      IT IS FURTHER ORDERED that this case shall be administratively CLOSED until such time a Petitioner files a motion to amend his petition in accordance with the procedures set forth in this order.

Dated:   March 14, 2012           /s/ Paul L. Maloney
                                          Paul L. Maloney
                                          Chief United States District Judge